Alexander Del Giorno, J.
This is a motion for an order permitting the late filing of a claim, pursuant to the provisions of subdivision 5 of section 10 of the Court of Claims Act.
One John Moroney was injured in the course of his employment by Brunovan, Inc., which carries its workmen’s compensation insurance with the State Insurance Fund. He was hospitalized at the Hunts Point Hospital, owned and operated by claimant, from February 14,1958 to April 12, 1958, the hospital charges therefor amounting to the sum of $1,821.05.
Claimant alleges that copies of the hospital bills were sent to the State Insurance Fund on or about July 9, 1958, again on or about January 16, 1959 and a third time on or about August 1, 1960, which bills were in the amount of $1,764.41 and were prepared in accordance with the Fund’s regulations. The third-party cause of action of the said Moroney was settled on December 8, 1959, for the sum of $42,250. Attorneys for all parties concerned had knowledge of the hospital bills, as they had requested copies thereof, and the hospital records and bills were introduced in evidence at the trial prior to the settlement of the action.
*685 Upon learning that the physician attending Moroney had been paid by the State Insurance Fund, deponent wrote the Fund on August 1, 1960, enclosing copies of a- bill dated July 9, 1958 and a duplicate bill dated January 16, 1959, both of which the letter stated had been sent to the Fund. Bequest for payment was made.
In reply, claimant received a letter dated October 3, 1960, written by the State Insurance Fund to Fuchsberg & Fuchs-berg, Esqs., stating that “ the enclosed bill was recently received and is being referred to you for consideration ’ ’, and enclosing a copy of the bill dated July 9, 1958. Between the dates of the two letters, claimant’s office had several conversations with employees of the Fund who requested additional copies of the bill and who first stated that the bill was approved but thereafter said payment would not be made.
On or about November 28,1960, claimant commenced an action in the Municipal Court of the City of New York against John Moroney to recover the sum of $1,821.05. A motion for summary judgment was denied, and claimant concedes there is grave doubt that it can recover in that action.
On or about March 21, 1961, claimant commenced an action for the amount mentioned in the Municipal Court of. the City of New York, which action is still pending, against the employer, Brunovan, Inc.
Claimant states that its failure to file a claim or a notice of intention was caused by the fact that it had presented its bills to the State Insurance Fund and had been assured of payment. Claimant attributes the responsibility for the delay to the actions of the State Insurance Fund.
The State alleges that the State Insurance Fund never received the demands for payment made on July 9, 1958 and January 16,1959, and that the first notice the Fund received was on August 1, 1960.
The State alleges further that when the third-party action of Moroney was settled on December 8, 1959, the lien of the State Insurance Fund, which included all payments made on his behalf, was satisfied, and that no part of such lien included reimbursement to Hunts Point Corporation.
The principal question to be considered is whether this application of the claimant is made within two years after the accrual of its claim.
The Workmen’s Compensation Law defines no limitation on the time within which a hospital bill is to be presented to the State Insurance Fund, but does provide (Workmen’s Compen *686 sation Law, § 13-g, subd. [1]) that 1 ‘ unless within thirty days after a bill has been rendered to the employer by the physician or hospital which has- treated an injured employee, such employer shall have notified the chairman and such physician or hospital in writing that such employer demands an impartial examination of the fairness of the amount claimed by such physician or hospital for his or its services, the right to such an impartial examination shall be deemed to be waived and the amount claimed by such physician or hospital shall be deemed to be the fair value of the services rendered by him or it.”
The court of its own volition has found that the New York Compensation Insurance Rating Board issued a “ New Hospital Agreement for the Care of Workmen’s Compensation Patients Effective On and After June 1, 1956 ”, and an “ Amended Hospital Agreement ” effective on and after July 1, 1957. As part of this agreement is a section marked ‘ ‘ Interpretations ’ ’, which is a “ confirmation of previous understandings respecting various phases which continue in force and should be observed,” and which provides: “ * * * 5. It is understood that hospital bills in long period cases may be forwarded to the insurance carrier every thirty days or at the end of each calendar month, as the hospital might prefer, rather than wait until the patient is discharged and then render a bill for the total duration of the stay.”
Embraced in the same agreement, rule 19 of the “Rules Governing Hospital Treatment ” provides that the names and qualifications of all physicians and persons rendering services for which charges are made by hospitals must be included in all bills, and all medical and X-ray reports shall be promptly filed with the Workmen’s Compensation Board and with the employer or its insurance carrier.
Accepting as true the statement of claimant that it sent its first bill to the State Insurance Fund on July 9, 1958, three months after the termination of the hospital service, and construing the time of such rendition of a bill to be a substantial compliance with the hospital agreement, the court finds that the claim accrued 30 days thereafter, on August 9, 1958 and that there was then an opportunity to enforce the obligation, the damages being determined. Whatever transpired between claimant and the State Insurance Fund thereafter, and whether or not the Fund made assurances of payment, the date of the accrual of the claim could not be extended. To bring itself within the purview of subdivision 5 of section 10 of the Court *687 of Claims Act, claimant was obliged to make an application for late filing within two years after August 9, 1958. Since it did not do so, but moves only at this time for such relief, loches bars the claim and the court is powerless to invoke the exercies of its discretion in permitting the late filing of the claim. (McCann v. State of New York, 176 Misc. 63; Lopez v. State of New York, 176 Misc. 11.) Accordingly, the motion is denied. Submit order.